991 A.2d 215

IN THE MATTER OF S. MICHAEL BENDER, A/K/A
S.M. BENDER, AN ATTORNEY AT LAW.

March 24, 2010.

As Corrected June 1, 2010.

## ORDER

The Disciplinary Review Board having filed with the Court its decision concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14(a)(4)(E), **S. MICHAEL BENDER, a/k/a S.M. BENDER, of TIERRA VERDE, FLORIDA,** who was admitted to the bar of this State in 1969, should be suspended from the practice of law for a period of three years based on a decision of the United States Patent and Trademark Office to exclude respondent from practice for unethical conduct that in New Jersey constitutes violations of *RPC* 1.1(b) (pattern of neglect), *RPC* 1.8(f) (accepting compensation for representing a client from one other than the client without client's informed consent), *RPC* 5.4(c) (permitting person who pays the lawyer to direct the lawyer's professional judgment in rendering legal services for another), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And good cause appearing;

It is ORDERED that **S. MICHAEL BENDER, a/k/a S.M. BENDER,** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement

for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.